OPINION *Page 2 
{¶ 1} Defendant Kathryn Josephine Jenkins appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio, which granted a divorce to appellant and plaintiff-appellee John Junior Jenkins, divided the marital assets and liabilities, established spousal support, and found appellant in contempt of court. Appellant assigns five errors to the trial court:
 {¶ 2} "I. THE COURT COMMITTED ERROR IN GRANTING ONE HALF OF THE VALUE BETWEEN THE PAYOFF OF THE MORTGAGE AND THE SO-CALLED MARKET VALUE OF THE REAL ESTATE AT 847 WEST BROADWAY AND ORDERING THE APPELLANT TO PAY THE BALANCE OF THE MORTGAGE PLUS TAXES ANAD INSURANCE.
 {¶ 3} "II. THE COURT COMMITTED ERROR IN ENDING COBRA INSURANCE AFTER THE DIVORCE.
 {¶ 4} "III. THE COURT COMMITTED ERROR IN FINDING THAT THE MARKLIN ROAD PROPERTY WAS NOT ONE HALF OWNED BY THE APPELLANT.
 {¶ 5} "IV. THE COURT COMMITTED ERROR IN FINDING APPELLANT GUILTY OF CONTEMPT.
 {¶ 6} "V. THE COURT'S ORDER FOR SPOUSAL SUPPORT WAS A COMPLETE ABUSE OF DISCRETION."
 {¶ 7} Our standard of reviewing a court's determination in a domestic relations case is generally the abuse of discretion standard, seeBooth v. Booth (1989), 44 Ohio St. 3d 142. The Supreme Court made the abuse of discretion standard applicable to alimony orders inBlakemore v. Blakemore (1983), 5 Ohio St. 3d 217; to property *Page 3 
divisions in Martin v. Martin (1985), 18 Ohio St. 3d 292; to custody proceedings in Miller v. Miller (1988), 37 Ohio St. 3d 71; and to decisions calculating child support, in Dunbar v. Dunbar,68 Ohio St 3d 369, 533-534, 1994-Ohio-509, 627 N.E.2d 532. The Supreme Court has repeatedly held the term abuse of discretion implies the court's attitude is unreasonable, arbitrary or unconscionable,Blakemore, supra, at 219. When applying the abuse of discretion standard, this court may not substitute our judgment for that of the trial court, Pons v. Ohio State Med. Board, (1993), 66 Ohio St.3d 619,621.
 I. {¶ 8} In her first assignment of error, appellant argues the court erred in dividing the equity in the marital home, awarding her the home, and ordering her to pay the balance of the mortgage, plus taxes and insurance. Appellant urges she is unable to work, and cannot maintain the home. Appellee responds appellant has resources, including spousal support, or in the alternative, could sell the home. The trial court made extensive findings of fact and found the division of assets was equitable if not equal.
 {¶ 9} The Supreme Court has directed us to limit our review to whether, considering the totality of the circumstances, the trial court abused its discretion in making the property division. Briganti v.Briganti (1984), 9 Ohio St. 3d 220, 459 N.E. 2d 896. We may not take certain items of the property division out of the context of the entire award, Id.
 {¶ 10} We find the court did not abuse its discretion in its treatment of the marital home. The first assignment of error is overruled. *Page 4 
 II. {¶ 11} In her second assignment of error, appellant argues the court committed error in ending her Cobra insurance after the divorce. In fact, the trial court stated: "[t]he plaintiff is hereby ordered to maintain Cobra insurance for the defendant through his employer to the extent it is available, for the maximum period, from the date the parties are granted their divorce. Any premiums shall be paid solely by the defendant." Judgment Entry of August 12, at pages 4-5.
 {¶ 12} The trial court did not terminate the Cobra insurance after the divorce, and it appears appellant's real objection is to the court's order she should pay the premiums. Again, this court may not indulge in piecemeal appeals. Our review of the entire judgment leads us to conclude the trial court did not abuse its discretion.
 {¶ 13} The second assignment of error is overruled.
 III. {¶ 14} In her third assignment of error, appellant argues she presented evidence the property on Marklin Road, Health, Ohio, was marital property. The trial court found the real estate was appellee's separate property.
 {¶ 15} Appellee conveyed the property by means of a joint and survivorship deed prior to the parties' marriage. However, the court found the deed in and of itself was not persuasive as to the intent of the parties. Appellee testified at the time of the marriage, the mortgage on the home was essentially paid. Appellee was also able to trace the proceeds from the sale of the residence.
 {¶ 16} Appellant's argument is essentially that the trial court's determination is against the manifest weight of the evidence. A reviewing court will not disturb the trial *Page 5 
court's decision as against the manifest weight of the evidence if the decision is supported by some competent, credible evidence. C.E. MorrisCo. v. Foley Construction Co. (1978), 54 Ohio St.2d 279. We may not substitute our judgment for that of the trier of fact. Pons v. OhioState Med. Bd. (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748. A reviewing court should presume the findings of a trial court are correct because the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.In re: Jane Doe 1 (1991), 57 Ohio St.3d 135, 138, citing Seasons CoalCo. v. Cleveland (1984), 10 Ohio St.3d 77, 80.
 {¶ 17} We find the trial court's judgment is not against the manifest weight of the evidence or an abuse of discretion. The third assignment of error is overruled.
 IV. {¶ 18} In her fourth assignment of error, appellant argues the court found her guilty of contempt without conducting a hearing on the matter.
 {¶ 19} The record contains a transcript of proceedings of the final hearing held on April 24, 2008. During the trial on the matter, appellee presented evidence appellant had not complied with the court's order to compel discovery, and appellant testified in her defense. She did not object or request a continuance.
 {¶ 20} The court found appellant guilty of contempt, and sentenced her to 30 days incarceration. The court suspended the sentence and permitted the appellant to purge by complying with future court orders and reimbursing appellee for attorney fees accumulated to bring the contempt action, in the amount of $500.00.
 {¶ 21} The fourth assignment of error is overruled. *Page 6 
 V. {¶ 22} In her fifth assignment of error, appellant urges the court's order of spousal support was an abuse of discretion.
 {¶ 23} The trial court cited R.C. 3105.18, as setting out the factors to consider when spousal support is appropriate and reasonable. The court listed each factor, and made findings of fact if the factor was applicable to this case. We find the trial court did not abuse its discretion in it computation of spousal support.
 {¶ 24} The fifth assignment of error is overruled.
 {¶ 25} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio, is affirmed.
 Gwin, J., Farmer, P.J., and Wise J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio, is affirmed. Costs to appellant. *Page 1